## UNITED STATES v. SALL.
### No. 7484.

Circuit Court of Appeals, Third Circuit.

Dec. 10, 1940.

746

Anthony A. Calandra, of Newark, N. J., for appellant.

William F. Smith, U. S. Atty., and Irwin L. Langbein, Sp. Asst. U. S. Atty., both of Trenton, N. J., for appellee.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

The defendant, Harry Sall, was convicted and sentenced in the District Court for the District of New Jersey upon all eight counts of an indictment which charged him and others with violation of the internal revenue laws. The first count charged that the defendants violated Section 37 of the Criminal Code, 18 U.S.C.A. § 88, in that they conspired to carry on the business of distillers with intent to defraud the government of the tax thereon, to possess an unregistered still, to make mash fit for distillation in a building not authorized to be used as a distillery, to remove and aid in the removal of distilled spirits to a building which was not a bonded warehouse and to conceal and aid in the concealment of untaxed distilled spirits. Counts two to five, inclusive, charged the defendant and others with the substantive offenses of unlawfully carrying on the business of distillers without notice, possessing unregistered stills, making and fermenting mash fit for distillation in a building not authorized as a distillery and distilling spirits with intent to defraud the government of the tax thereon. Counts six, seven and eight charged that the defendant and others unlawfully concealed and were concerned in the concealment of alcohol with intent to defraud the government of the tax thereon in violation of Section 3321 of the Internal Revenue Code, 26 U.S.C.A. The places of the concealment, referred to by the witnesses as "drops," were located at 161–3 North Main Street, (count six), 104 Montgomery Street (count seven) and 90–2 Paterson Street (count eight), all in Paterson, New Jersey.

Hugo Fontana, Henry Fontana, De Grado and Cirone, four of the co-defendants, pleaded guilty. Lanza and Fishbein were acquitted by direction of the court. The defendant Sall was found guilty as to all the counts. Upon this appeal he assigned as error the trial court's refusal to direct a verdict for him upon each of the counts but upon the argument of his appeal he voluntarily abandoned all the assignments except those relating to the court's alleged error in failing to direct a verdict for him upon counts six, seven and eight. We shall, therefore, restrict our consideration of his appeal to these three counts.

The government's evidence showed that on the morning of February 7, 1939, as a result of an investigation which had begun in November, 1938, government agents in the Alcohol Tax Unit raided a silk dye plant at 335 McLean Boulevard (where they found unregistered stills, mash fit for distillation purposes, and untaxed alcohol), private garages at 161–3 North Main Street (where they seized cans of untaxed alcohol and saw empty sugar bags and empty cartons), a private dwelling at 104 Montgomery Street (where they seized cans of untaxed alcohol), and a public garage at 90 Paterson Street (where they found a Ford truck bearing the name Harry Canover and containing cans of untaxed alcohol). All the raided premises were located in Paterson, New Jersey. In September, 1938, the defendant, using the name William Canova, had leased from Lanza for a period of one year a portion of the premises at 335 McLean Boulevard. In October, 1938, one Sloan, a fire protection engineer, made an inspection of the premises and found a wall which had not been there at his previous inspection. He asked Henry Fontana, who was employed on the premises, for leave to look behind this wall but was told by Fontana that he would have to obtain permission from the boss, William Canova. The latter, whom the witness identified as the defendant Sall, refused permission, assigning as his reason that he was making use of a secret dye process at the time. A few days later Sloan made his investigation but found no still nor anything out of the ordinary.

In September, 1938, the defendant Sall and Hugo Fontana had negotiated for the purchase of a Ford truck. A few days lat-

er Fontana paid the $500 which had been agreed upon and took title in the name of Harry Canover. The defendant Sall was not present when this sale was consummated. This truck played a very active part in the operations of the conspirators. On January 27, 1939, it was seen entering the garage at 90 Paterson Street, heavily laden with bags marked "sugar" and covered with a tarpaulin. The driver was Hugo Fontana. On February 1, 1939, at about 7:30 o'clock in the evening an investigator saw it in the driveway at 161 North Main Street, and heard the rattling of cans. It was heavily laden when it came and empty when it left. The investigator then traced it to 90 Paterson Street. On February 6, 1939, at about 8 o'clock in the evening the truck was seen being driven to a shed in the rear of the silk dye plant at 335 McLean Boulevard, heavily laden and covered with a tarpaulin; later it was seen at 104 Montgomery Street and at about midnight at the public garage at 90 Paterson Street. In the morning of February 7, 1939, the truck was found at the public garage and it then contained 155 cans of alcohol. The defendant was once or twice seen driving the truck at the public garage at 90 Paterson Street.

The only other testimony tending to connect the defendant with the offenses charged in the indictment was that on January 19, 1939, he was seen at 161–3 North Main Street, driving a Ford coupé bearing New York license plates. The car appeared to be light when it drove in and heavy on its way out.

The defendant Sall contends that this evidence is insufficient to sustain his convictions on the last three counts of the indictment. The government argues that the convictions upon these counts should stand because Section 332 of the Criminal Code, 18 U.S.C.A. § 550, makes it unnecessary to prove that the defendant personally concealed or deposited or aided in the concealment or deposit of liquor at the drops. The position it takes is that one "who becomes an accomplice in any phase of a still enterprise is responsible for any and all crimes thereafter committed in the course of the ramifications of the enterprise, quite apart from personal participation in or even knowledge of the precise details." While this is undoubtedly a correct statement of the rule applicable to one who joins a conspiracy to commit a crime, it is, we think, too broad if applied to one sought to be convicted as an aider or abettor in the commission of a substantive offense. Section 332 of the Criminal Code, 18 U.S.C. A. § 550, provides that "Whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal." The crime charged in each of the counts in question was the concealment of alcohol with intent to defraud the United States of the tax thereon. Hence, while under Section 332 the defendant Sall need not be shown to have been present at the places where these crimes were committed or to know all the details thereof (Borgia v. United States, 9 Cir., 78 F.2d 550), nevertheless the burden was on the government to prove that he did with intent to defraud the revenues aid, abet, counsel, command, induce or procure the removal, deposit or concealment of the particular untaxpaid alcohol referred to in the three counts. It was not sufficient merely to prove that he was a member of the conspiracy to manufacture illicit alcohol and that in the course of that conspiracy those particular crimes were committed by other conspirators. Evidence of that character was, however, sufficient to sustain his conviction on the conspiracy count. This is for the reason that the gist of the crime charged by the conspiracy count was his agreement or combination with the other defendants to effect the unlawful object of the conspiracy and not the commission of the overt acts which followed. The evidence as to the latter was necessary only because of the provisions of Section 37 of the Criminal Code, 18 U.S.C.A. § 88, which require proof of the commission of an overt act to make a conspiracy punishable.

Here the government seeks to charge one of the conspirators with a substantive offense—concealment of alcohol. Although that offense may in fact have been committed in the course of the conspiracy it is still necessary to prove that the defendant, even though he had joined the conspiracy, had also joined, at least to the extent which we have indicated, in the concealment of alcohol which constituted the substantive offense with which he is charged. It is the act of concealment with criminal intent, and not the previous agreement, which is the gist of that offense. To hold otherwise would be to ignore the difference in character between the crime of conspiracy and the

·substantive crimes which may result from it and to enable the government through the use of the conspiracy dragnet to convict a conspirator of every substantive offense committed by any other member of the group even though he had no part in it or even knowledge of it. To permit this would open the way for the conviction of a conspirator more than once for the same conspiracy, the substantive counts being, if the government's theory is accepted, in fact merely additional conspiracy counts each alleging one overt act. Where as here but one conspiracy has been shown a defendant may not thus be. convicted twice of having joined it for that would be to place him twice in jeopardy for the same offense.

The government's burden might of course have been met either by the production of direct evidence of participation or by the production of circumstantial evidence from which participation might fairly be inferred. In the cases relied upon by the government (Collins v. United States, 8 Cir., 20 F.2d 574; Johnson v. United States, 9 Cir., 62 F.2d 32) it appears that there was such evidence to support the verdicts there sustained. In the present case the circumstantial evidence which we have recited was undoubtedly sufficient to support the inference drawn by the jury that the defendant Sall was a member of the conspiracy to operate the stills and that he participated in their operation. The evidence of his presence at 161–3 North Main Street on January 19, 1939, driving a car which appeared light when it went in and heavy when it came out was sufficient with the other evidence of his participation in the still enterprise to support the inference that he was concerned with the concealment of alcohol there, as charged in the sixth count. Likewise, the evidence of his having driven the truck used in the operations of the conspiracy to the garage at 90 Paterson Street was sufficient with the other evidence to sustain his conviction of concealment at that place as charged in the eighth count.

We do not think, however, that the government's evidence was sufficient to support the inference that the defendant Sall knowingly and with criminal intent participated in the concealment of 505 gallons of alcohol at 104 Montgomery Street as charged in the seventh ·count of the indictment. The evidence does not exclude the possible inference that the alcohol found at that location was concealed there by others without the knowledge of the defendant Sall.

The judgment of the district court is reversed as to the seventh count, and a new trial is granted as to it. As to all the other counts the judgment is affirmed.