**UNITED STATES of America,
Appellee,**

v.

**Jake Frank RICHARDSON, Appellant.**

**No. 72–1414.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1973.

Decided April 20, 1973.

James R. Wyrsch, Kansas City, Mo., for appellant.

William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, HEANEY, Circuit Judge, and VAN SICKLE, District Judge.*

HEANEY, Circuit Judge.

The defendant, Jake Frank Richardson, appeals from his conviction of possessing heroin with intent to distribute and distributing heroin, in violation of 21 U.S.C. § 841(a)(1). The defendant urges that he is entitled to a reversal of the conviction on the following grounds:

(1) That 21 U.S.C. § 841(a)(1) is unconstitutional. There is no merit

* District of North Dakota, sitting by designation.

to this contention. See, United States v. Scales, 464 F.2d 371 (6th Cir. 1972). See also, White v. United States, 399 F.2d 813 (8th Cir. 1968). .

■ (2) That the trial court erred in: (a) neglecting to admonish the jurors at each recess with respect to their obligation not to discuss the case with others, and not to read published accounts of the trial; (b) not requiring the defendant's presence during the conference on instructions; and (c) not requiring the defendant's presence during the conference on the qualifications of prospective jurors and while the defendant's trial attorney was making strikes. The defendant has not pointed to any specific instances of juror misconduct, and has not shown that he was prejudiced by his absence from the conferences. Under such circumstances, we find no merit to his contentions. Peterson v. United States, 411 F.2d 1074 (8th Cir.), cert. denied, 396 U.S. 920, 90 S.Ct. 247, 24 L.Ed.2d 199 (1969). Moreover, the record does not reflect that either the defendant or his attorney requested that the defendant be present at the conferences, nor were any objections to his absence made below.

■ (3) That the indictment was multiplicious and prejudiced the defendant before the jury as it charged both distribution and possession with intent to distribute. There is no merit to this contention as the evidence needed to prove possession with intent to distribute is different from that required to prove actual distribution. See, United States v. Funk, 412 F.2d 452 (8th Cir. 1969); Cardarella v. United States, 375 F.2d 222 (8th Cir.), cert. denied, 389 U.

S. 882, 88 S.Ct. 129, 19 L.Ed.2d 176 (1967).

■ (4) That it was error to permit an informant to testify that the defendant had distributed heroin to the informant on occasions prior to the transactions for which the defendant was tried below and, alternatively, that it was error to admit this testimony without giving an instruction limiting the use of such evidence. We disagree. This evidence was properly admissible to show that the defendant had the requisite criminal intent and guilty knowledge. See, e. g., Dranow v. United States, 307 F.2d 545, 566 (8th Cir. 1962).

■ (5) That he was deprived of a fair trial because the prosecutor referred to, and had witness identify, his co-defendant who was present in the courtroom during the trial. There is no indication that this in any way prejudiced the defendant, and this contention is without merit.

■ (6) That there was insufficient evidence to sustain the conviction. We find no merits to this contention. The evidence was more than sufficient to sustain a conviction.

■ (7) That the trial court erred by permitting a federal narcotic's agent to testify with respect to conversations between the agent and Frank Richardson, who was initially a co-defendant,[1] because these conversations took place outside the presence of the defendant. Alternatively, he contends that it was error to admit this testimony without an instruction limiting its use by the jury.

We are persuaded that the narcotics agent's testimony was properly admissible under the long-standing rule that a statement is not hearsay if it is a statement made during the course of and in furtherance of a conspiracy by the co-

---

1. Jake Frank Richardson and Frank Richardson are brothers. They were charged in the same indictment and initially were to be tried in a common trial. A joint motion of the Richardsons, requesting a severance of their trials, was denied by the trial court. However, because Frank Richardson later changed his attorney, it was necessary to postpone his trial to a later date.

conspirator of a defendant. See, *e. g.,* United States v. Schroeder, 433 F.2d 846 (8th Cir. 1970), cert. denied, 401 U.S. 943, 91 S.Ct. 951, 28 L.Ed.2d 224 (1971) and sub nom. Allen v. United States, 400 U.S. 1024, 91 S.Ct. 590, 27 L.Ed.2d 636 (1971). See also, Federal Rules of Evidence, Rule 801(d)(2)(E). This rule has been held to apply even in the absence of a conspiracy charge so long as there is independent evidence of concert of action. See, United States v. Sanders, 463 F.2d 1086 (8th Cir. 1972); United States v. Reed, 446 F.2d 1226 (8th Cir. 1971); United States v. Williams, 435 F.2d 642 (9th Cir. 1970), cert. denied, 401 U.S. 995, 91 S.Ct. 1241, 28 L.Ed.2d 533 (1971). *Contra,* United States v. Harrell, 436 F.2d 606 (5th Cir. 1970). Moreover, application of the rule has not been confined to those who are co-defendants at the same trial. United States v. Williams, *supra,* 435 F.2d at 645. See also, United States v. Sanders, *supra.*

There is testimony in the record, other than that which is argued to be inadmissible, which indicates that the defendant and the declarant, Frank Richardson, were acting in concert with respect to relevant transactions. It is also clear that the declarant's statements —arranging for the January 3, 1973, heroin sale—served to further the joint venture of the two brothers. Accordingly, the court did not err by admitting the agent's testimony.

We also reject the defendant's alternative argument that the court erred by not giving a limiting instruction to the jury on this evidence. The defendant did not request such an instruction below, and he did not object when none was given. Thus, we are governed by the plain error rule on this issue. That rule is "to be sparingly applied and is to be invoked only to prevent a plain miscarriage of justice." United States v. Reed, *supra,* 446 F.2d at 1230. No such miscarriage of justice has occurred here.

Affirmed.