UNITED STATES of America, Appellee,

v.

Joseph LOMBARDO, Appellant.

UNITED STATES of America, Appellee,

v.

John Philip CERONE, Appellant.

UNITED STATES of America, Appellee,

v.

Angelo LA PIETRA, Appellant.

88–1268 to 88–1270.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 19, 1988.
Decided Oct. 21, 1988.

Julius Lucius Echeles, Chicago, Ill., for Cerone.

Louis Carbonaro, Chicago, Ill., for La Pietra.

Judith A. Halprin, Chicago, Ill., for Lombardo.

Sheryle L. Jeans, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Joseph Lombardo, John Philip Cerone and Angelo La Pietra appeal a district court[1] order modifying their sentences imposed after convictions for conspiracy and Travel Act violations. For reasons discussed below, we affirm the district court's order.

I. BACKGROUND

Lombardo, Cerone and La Pietra were each convicted of one conspiracy count and seven Travel Act violations. The trial court sentenced Lombardo and La Pietra to consecutive terms of two years' imprisonment for each of the eight counts and sentenced Cerone to consecutive terms of four years on the conspiracy count and three and one-half years on each of the remaining seven counts.

On direct appeal, this court affirmed each appellant's conviction but noted that it was troubled by the imposition of a consecutive sentence for each conviction because proof of the conspiracy also served as proof of the Travel Act violations. *United States v. Cerone*, 830 F.2d 938, 946 n. 8 (8th Cir.1987), *cert. denied,* — U.S. —,

108 S.Ct. 1730, 100 L.Ed.2d 194 (1988). This court suggested "[t]he district court may wish to reexamine its imposition of consecutive sentences in light of these comments if appellants file a Rule 35 motion seeking modification of the sentences." *Id.*

Appellants subsequently moved for sentence modification under Fed.R.Crim.P. 35. The district court modified each appellant's sentence so that the conspiracy sentence would run concurrently with the Travel Act sentences, but kept the latter sentences as consecutive. This order reduced Lombardo's and La Pietra's sentences each to fourteen years and Cerone's sentence to twenty-five years.

II. DISCUSSION

Appellants raise multiple contentions in their attack on the sentence modification. In examining these contentions, we must observe that appellate review of sentences falling within statutory boundaries is limited to determining whether a gross abuse of discretion exists. *Castaldi v. United States*, 783 F.2d 119, 123 (8th Cir.), *cert. denied*, 476 U.S. 1172, 106 S.Ct. 2897, 90 L.Ed.2d 983 (1986). Essentially, appellants argue that except to one count relating to Cerone,[2] none of them engaged in any personal conduct that violated the Travel Act. Under the *Pinkerton*[3] instructions that the district court gave in this case, *see Cerone*, 830 F.2d at 943–44, the jury might have found that these substantive convictions stemmed only from appellants' participation in the conspiracy (count one). Thus, under these instructions, appellants' criminal responsibility for Travel Act violations rested solely on the conduct of others under an agency theory, whether or not appellants actually knew of or directed the individuals who engaged in the prohibited conduct. These appellants could not be separately guilty of these substantive counts, absent the convictions for conspiracy of which the Travel Act violations were a part.

---

1. The Honorable Joseph E. Stevens, Jr., United States District Judge for the Eastern and Western Districts of Missouri.

2. The jury convicted Cerone in count seven of having travelled to Kansas City to meet with

co-conspirators to discuss the sale of gambling casinos and a skimming operation. *See Cerone*, 830 F.2d 938, 944–45 n. 6.

3. *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

These arguments do carry weight but essentially are matters relating to the trial court's sentencing discretion. The trial court merged the convictions in precisely the opposite way, making the conspiracy sentence run concurrently with the separate Travel Act sentences.

However, the jury found each appellant guilty of multiple-count convictions. The appellants have cited to us no constitutional or statutory impediment to the imposition of consecutive sentences on the Travel Act violations. Thus, no abuse of sentencing discretion resting on legal grounds is shown. Moreover, an appellate court cannot substitute its judgment in sentencing matters for that of the district judge, absent an abuse of discretion. *United States v. Hollis*, 718 F.2d 277, 279 (8th Cir.1983), *cert. denied*, 465 U.S. 1036, 104 S.Ct. 1309, 79 L.Ed.2d 707 (1984). The sentences here fall below the legal maximums available for these offenses. We cannot say that the sentences imposed under the circumstances presented in this case show any gross abuse of discretion.

The remaining contentions [3] raised in this appeal previously were rejected in the appellants' direct appeal and the reasoning found therein will not be repeated here. *See Cerone*, 830 F.2d at 943–46 (examining double jeopardy and *Pinkerton* liability arguments).

## III. CONCLUSION

We affirm the sentences imposed on appellants by the district court.

---

**3.** Cerone's contention that his sentence as modified is vague and confusing has merit. Therefore, we suggest that the district court clarify the modification regarding the extent to which the count three sentence is to be served concurrently with the count one sentence.