UNITED STATES of America, Appellee,

v.

**Michael G. GOLTER, Appellant.**

No. 88–1003.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 20, 1988.

Decided July 24, 1989.

Rehearing and Rehearing En Banc
Denied Oct. 4, 1989.

---

John Stevens Berry, Lincoln, Neb., for appellant.

Michael P. Norris, Lincoln, Neb., for appellee.

Before ARNOLD, Circuit Judge, ROSS, Senior Circuit Judge, and MAGILL, Circuit Judge.

ROSS, Senior Circuit Judge.

Michael G. Golter appeals from an order of the district court[1] entered upon a jury verdict finding him guilty on six counts of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 843(b), and 846, and one count of possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Golter was sentenced to twelve years of imprisonment under Count I for conspiracy to distribute cocaine, and to concurrent lesser terms on each of the related drug conspiracy charges (Counts VII, VIII, IX, X, XI). For the firearm charge (Count XII), he was also sentenced to a mandatory five year term without possibility of parole, to run consecutive to the term imposed in each other count. On appeal, Golter challenges his conviction on the firearm count and also asserts that the combined sentences for the conspiracy and firearm counts are excessive. We affirm.

The charges against Golter stem from the arrest of Kevin Morris, a cocaine dealer. Morris was arrested on December 30, 1986 near Lincoln, Nebraska after police officers overheard Morris complete a cocaine deal with a government informant via a body microphone worn by the informant. Morris had earlier obtained the cocaine from Golter in Kansas City. Upon Morris' arrest, officers discovered a clip to a .25 caliber automatic pistol in Morris' shirt pocket. During a search of Morris' car, officers also uncovered a .25 caliber automatic pistol in the glove compartment and quantities of cocaine in plastic bags under the passenger's seat.

Thereafter, under a plea agreement, Morris agreed to cooperate with the government's investigation of cocaine distribution in the Lincoln, Nebraska area. Morris identified Michael Golter as one of his main cocaine suppliers. Later, Golter was arrested and charged with conspiracy to distribute cocaine and, under the conspiracy rule of *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), with the criminal actions of Morris and other named co-conspirators. Specific to this appeal, Count XII charged Golter with possession of the firearm carried by Morris at the time of Morris' arrest.

1. The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

As the government's key witness at trial, Morris testified that from November 1985 through December 1986 he obtained between one to two ounces of cocaine from Michael Golter approximately every two weeks. Morris gave specific details as to the various arrangements he made with Golter for cocaine purchases. Morris also testified that the cocaine he obtained from Golter typically was of a high quality, and that Golter taught him how to "cut" the cocaine with other substances (e.g., vitamin B, inositol) in order to increase its volume for redistribution.

With respect to his possession of the .25 caliber automatic pistol and clip, Morris testified that he purchased the handgun in October 1986, after learning that Terry Reynolds, Morris' alternate cocaine source, had been arrested and was back on the streets as a government informant. Morris testified that he had the gun in his possession the day he was arrested "[f]or fear of Terry Reynolds," because he owed Reynolds $6,000 to $7,000 for cocaine. Morris also testified that prior to his arrest he told Golter that he was concerned about Reynolds being back on the streets, and that he and Golter discussed the possibility of Morris leaving town and changing his identity.

At trial, Golter objected to the admission of exhibits 11 and 12, the handgun and clip. Golter argued that those items were immaterial and irrelevant because Morris had testified that he carried them for protection against Terry Reynolds, and because there was no evidence that the firearm was carried as a part of the conspiracy between Morris and Golter. The district court overruled the objection, and the handgun and clip were admitted into evidence. At the close of all the evidence, Golter moved to strike exhibits 11 and 12 and also moved for a directed verdict. Those motions were denied. The case was then submitted to the jury, which found Golter guilty on six counts of conspiracy to distribute cocaine and on one count of possession of a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1).[2] Golter's post-trial motions for judgment of acquittal and for new trial were denied.

I.

On appeal, Golter contends that his firearm conviction was based on an improper extension of the *Pinkerton* doctrine. Under *Pinkerton, supra,* 328 U.S. at 640, 66 S.Ct. at 1180, each member of a conspiracy may be held criminally liable for any substantive crime committed by a co-conspirator in the course and furtherance of the conspiracy, even though those members did not participate in or agree to the specific criminal act. *Id.* at 646–47, 66 S.Ct. at 1183–84; *United States v. Garcia,* 785 F.2d 214, 225–26 (8th Cir.), *cert. denied,* 475 U.S. 1143, 106 S.Ct. 1797, 90 L.Ed.2d 342 (1986). The rule of co-conspirator liability does not apply, however,

if the substantive offense committed by one of the conspirators was not in fact done in furtherance of the conspiracy, did not fall within the scope of the unlawful project, or was merely a part of the ramifications of the plan which could not be reasonably foreseen as a necessary or natural consequence of the unlawful agreement.

*Pinkerton, supra,* 328 U.S. at 647–48, 66 S.Ct. at 1184. *See United States v. Alvarez,* 755 F.2d 830, 847 (11th Cir.), *cert. denied,* 474 U.S. 905 (1985), *cert. denied,* 482 U.S. 908, 107 S.Ct. 2489, 96 L.Ed.2d 380 (1987). Golter argues that the district court erred in submitting the firearm charge to the jury, because the evidence failed to establish that Morris' possession

---

**2.** 18 U.S.C. § 924(c)(1) provides, in relevant part:

Whoever, during and in relation to any crime of violence or drug trafficking crime * * * uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years * * *. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment * * *. No person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein.

of the handgun was related to or in furtherance of the conspiracy. He also contends that Morris' possession of the handgun was not a reasonably foreseeable consequence of the conspiracy.

In order for us to determine whether the district court erred in submitting the firearm charge to the jury, we must consider whether the evidence was sufficient for a reasonable jury to have concluded, beyond a reasonable doubt, that Morris' possession of the firearm was in furtherance of the drug conspiracy or was a reasonably foreseeable consequence of the conspiracy. *See United States v. Alvarez, supra,* 755 F.2d at 848; *United States v. Bell,* 678 F.2d 547, 549 (5th Cir.1982) (en banc), *aff'd on other grounds,* 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). In making this assessment, we must view the evidence in the light most favorable to the government. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). The government is also entitled to all inferences that reasonably may be drawn from the evidence. *United States v. Garcia, supra,* 785 F.2d at 225 (citations omitted). All issues of fact must also be resolved in favor of the jury verdict. *Id.*

Upon reviewing the record, we conclude that there was sufficient evidence for a reasonable jury to have concluded that the firearm was carried in furtherance of the conspiracy or was a reasonably foreseeable consequence of the conspiracy. First, the evidence clearly established that a drug conspiracy existed between Golter and Morris. That conspiracy, the district court estimated, resulted in the illegal distribution of approximately forty ounces of cocaine, and involved substantial money transfers. The evidence also clearly established that the .25 caliber automatic handgun and clip were in Morris' possession at the time he was distributing cocaine obtained from Golter.

Second, there was ample evidence that Golter was aware of Morris' concern about Terry Reynolds' release from police custody. Morris was afraid Reynolds would come looking for him to collect the $6,000 to $7,000 Morris owed to him for drugs.

Morris was also afraid that Reynolds would turn him over to authorities. Morris was so concerned about Reynolds that he discussed with Golter the possibility of leaving town and establishing a new identity. Based on this evidence alone, the jury was entitled to infer that Golter was aware of the likelihood that Morris would carry a weapon or firearm for protection while distributing drugs.

Third, the evidence of Golter's dealings with Morris sufficiently demonstrated that Golter was an experienced dealer in cocaine. Based on such evidence, and the well recognized nexus between drugs and firearms, *Lyons v. Robinson,* 783 F.2d 737, 739 (8th Cir.1985); *United States v. McDaniel,* 773 F.2d 242, 247 n. 4 (8th Cir. 1985); *Alvarez, supra,* 755 F.2d at 849, the jury was entitled to infer that Golter must have been aware of the likelihood or possibility that Morris would carry a firearm while distributing cocaine.

We find that these factors were sufficient to permit the submission of the firearm charge to the jury, and that there was no improper extension of the *Pinkerton* doctrine in this case. We further find that the evidence was sufficient to support the jury's conclusion that Morris' possession of the firearm was in furtherance of the drug conspiracy or was a reasonably foreseeable consequence of the conspiracy.

## II.

Next, we consider Golter's claim that the combined sentences he received for the conspiracy and firearm counts are excessive in light of his current health problems and prior "clean" record. We note that "an appellate court cannot substitute its judgment in sentencing matters for that of the district judge, absent an abuse of discretion," *United States v. Lombardo,* 859 F.2d 1328, 1330 (8th Cir.1988) (per curiam), and where sentences fall within statutory boundaries appellate review "is limited to determining whether a gross abuse of discretion exists." *Id.* at 1329. In this case, the sentence imposed by the district court clearly falls within the statutory limits. We further note that the district court

was sufficiently apprised of the special sentencing considerations which Golter now raises on appeal. Based on these factors we find no abuse of the district court's sentencing discretion.

## III.

For the reasons stated above, we affirm the appellant's conviction on the firearm charge and the combined sentences imposed by the district court.