# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1930

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Omari Ali Zackery, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: December 12, 2006
Filed: July 12, 2007

_____

Before LOKEN, Chief Judge, MURPHY and SHEPHERD, Circuit Judges.

_____

LOKEN, Chief Judge.

Omari Ali Zackery pleaded guilty to attempted robbery of a Springfield, Missouri, credit union in violation of 18 U.S.C. §§ 2113(a) and (d). He was then convicted after a bench trial of the second count in the indictment, which charged that Zackery violated 18 U.S.C. §§ 924(c) and 2 when he "and another individual did knowingly . . . brandish and possess a firearm . . . in furtherance of the [bank robbery] alleged in Count One." Zackery appeals this conviction. The primary issue on appeal is whether he may be convicted of this offense based on a Pinkerton theory of liability when the indictment did not charge a conspiracy offense. We affirm.

# I.

Early on the morning of May 28, 2004, Stephen Butler, vice president of the TelComm Credit Union, approached the rear door of the bank to enter and activate its computer system for the day. Two men wearing black clothes and ski masks confronted Butler. One knocked Butler to the ground, held an object a few inches from his head, and threatened to kill him unless he took the robbers to the bank's vault. At trial, Butler testified that, though dazed from the blow, he saw the object through his peripheral vision and believed it was a silver pistol.

Butler complied with the robbers' demand that he unlock the door and turn off the bank's alarm. He also surreptitiously entered a distress code that alerted the police. Butler and the robbers entered the bank and proceeded to the vault area. Butler told the robbers he could not open the vault's time-lock, so the three waited in a nearby customer privacy room until another employee who could open the vault arrived. At one point, the man with the pistol said, "I ought to cap you." The other man, later identified as Zackery, assured Butler he would not be hurt. The robber with the gun fled when he saw a police officer outside the building. He has never been identified. Zackery fled shortly thereafter. He was pursued and arrested. No firearm was ever recovered.

The trial evidence consisted of a brief stipulation of facts, an inconclusive security video, and Butler's testimony. The district court[1] found beyond a reasonable doubt that the object brandished by the other robber was a firearm. The court further found that Zackery did not possess the firearm and did not commit any overt act "to aid Robber No. 1 in the possession of the gun." However, the court found that "it was reasonably foreseeable to Mr. Zackery that a participant in the robbery would possess

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

-2-

a weapon . . . based upon the complex planning that went into the commission of the robbery." Therefore, Zackery was guilty of the substantive § 924(c) offense based upon a Pinkerton theory of liability, namely, it was reasonably foreseeable to Zackery that his accomplice would use a firearm in furtherance of their conspiracy to commit a violent crime, attempted bank robbery. Acknowledging that we have never squarely decided the issue, the district court construed our decision in United States v. Thirion, 813 F.2d 146 (8th Cir. 1987), as signaling that, "just as criminal liability based on aiding and abetting does not need to be specified in the indictment, criminal liability based on Pinkerton does not have to be specified in the indictment." Zackery challenges that ruling on appeal.

## II.

In Pinkerton v. United States, 328 U.S. 640 (1946), the Supreme Court resolved a conflict in the circuits over the proof required to convict a conspirator of a substantive offense such as a violation of 18 U.S.C. § 924(c). The issue was whether, in addition to proving that the offense was committed in furtherance of the conspiracy, the government must also present "evidence of direct participation in the commission of the substantive offense or other evidence from which participation might fairly be inferred." Id. at 646. The Court held that direct participation need not be proved so long as the substantive offense was in furtherance of the conspiracy and a necessary or natural consequence of the unlawful agreement. Thus, under Pinkerton, a defendant may be convicted of violating § 924(c) with proof beyond a reasonable doubt "that a conspiracy existed, that the defendant was a member of it, that a conspirator used a firearm to [commit a violent crime such as bank robbery], and that the defendant could reasonably have foreseen that a firearm would be used [to commit that crime] as a necessary or natural consequence of the conspiracy." United States v. Lucas, 932 F.2d 1210, 1220 (8th Cir.) (quotations omitted), cert. denied, 502 U.S. 869 (1991).

-3-

In Pinkerton, the defendants were charged with a conspiracy offense as well as numerous substantive offenses committed in furtherance of the conspiracy. Here, no conspiracy was charged. Zackery argues a separate conspiracy offense *must* be charged in the indictment before a conspirator may be convicted of the substantive offense under the Pinkerton theory of liability. Two circuits have held that a conspiracy need not be charged. United States v. Lopez, 271 F.3d 472, 480 (3rd Cir. 2001), cert. denied, 535 U.S. 908 (2002); United States v. Chairez, 33 F.3d 823, 827 (7th Cir. 1994); accord United States v. Jackson, 627 F.2d 1198, 1216-17 & n.36 (D.C. Cir. 1980). One has expressly disagreed. United States v. Nakai, 413 F.3d 1019, 1023 (9th Cir.), cert. denied, 126 S. Ct. 593 (2005). We have never had the question squarely presented -- in all our decisions affirming substantive offense convictions under a Pinkerton theory, the indictments charged a separate conspiracy offense. See, e.g., United States v. Hayes, 391 F.3d 958, 963 (8th Cir. 2004). Zackery urges us to follow the Ninth Circuit in Nakai and reverse his § 924(c) conviction because he was not charged with a conspiracy offense.

In our view, the narrow question before us is all but answered by the Supreme Court's opinions in Pinkerton. The Court first rejected defendants' principal contention -- that "the substantive offenses were merged in the conspiracy" so that only one punishment could be imposed -- because conspiracy is a separate offense that in most cases may be separately punished. 328 U.S. at 643. The Court then turned to the issue more relevant to this case, one conspirator's contention that he could not be convicted of the substantive offenses absent proof that he "participated directly" in their commission, as the Third Circuit had held in United States v. Sall, 116 F.2d 745 (1940). The Court rejected this contention, explaining:

> A scheme to use the mails to defraud, which is joined in by more than one person, is a conspiracy. Yet all members are responsible, though only one did the mailing. The governing principle is the same when the substantive offense is committed by one of the conspirators in furtherance of the unlawful project. . . . The rule which holds responsible

-4-

one who counsels, procures, or commands another to commit a crime [plainly a reference to aiding and abetting liability now codified in 18 U.S.C. § 2] is founded on the same principle. That principle is recognized in the law of conspiracy when the overt act of one partner in crime is attributable to all. An overt act is an essential ingredient of the crime of conspiracy . . . . If that can be supplied by the act of one conspirator, we fail to see why the same or other acts in furtherance of the conspiracy are likewise not attributable to the others for the purpose of holding them responsible for the substantive offense.

328 U.S. at 647 (citations omitted).

Although a conspiracy offense was separately charged in Pinkerton, the dissenting justices understood the decision as based upon evidentiary principles of joint criminal liability, not on whether a conspiracy offense was pleaded. See 328 U.S. at 650 n.4 (Rutledge, J., dissenting). It is not hard to decipher the basis for this understanding. Among the cases cited by the majority in the above-quoted passage was our decision in Baker v. United States, 115 F.2d 533, 540 (8th Cir. 1940), cert. denied, 312 U.S. 692 (1941), where we stated in upholding a defendant's fraud conviction: "The evidence conclusively shows that Statler was a party to the scheme *and even though a conspiracy is not charged,* yet when such a scheme is clearly participated in by more than one individual, it constitutes in and of itself a conspiracy" (emphasis added). See also Cochran v. United States, 41 F.2d 193, 199-200 (8th Cir. 1930) (cited in Pinkerton, 328 U.S. at 647); Davis v. United States, 12 F.2d 253, 257 (5th Cir.), cert. denied, 271 U.S. 688 (1926).

We construed Pinkerton in this same fashion in United States v. Thirion. A conspiracy offense was charged in Thirion, but the defendant could not be convicted of that offense under the terms of a foreign country's extradition. In concluding that the defendant could nonetheless be convicted of substantive offenses based upon a Pinkerton theory of conspirator liability, we explained:

> [A] jury may be instructed on the theory of aiding and abetting even though not charged in the indictment. The reason for this rule is that [the aiding and abetting statute] does not create a separate offense, it simply makes those who aid and abet in a crime punishable as principals. This reasoning is equally applicable to coconspirator liability. While Congress has recognized the conspiracy itself to be a separate crime, [18 U.S.C.] § 371, coconspirator liability does not have its genesis in this statute, but rather in the common law. [Citing and quoting from the above-quoted passage in Pinkerton.]

813 F.2d at 151 (other citations and quotation omitted). As Pinkerton liability is an issue of whether the evidence was sufficient to convict the defendant of a substantive offense, whether the indictment charged a separate conspiracy offense is simply irrelevant. Indeed, its absence reduces the risk of double punishment. This conclusion is consistent with the many cases holding that evidence may be admitted under the coconspirator exception to the hearsay rule "even in the absence of a conspiracy charge so long as there is independent evidence of concert of action." United States v. Richardson, 477 F.2d 1280, 1282-83 (8th Cir.), cert. denied, 414 U.S. 843 (1973), and cases cited.

Zackery argues that his conviction under the Pinkerton theory of liability impermissibly lessened the government's burden of proof of an aiding and abetting offense -- from whether he knowingly aided commission of the offense to whether the offense was reasonably foreseeable and in furtherance of the conspiracy. See Nakai, 413 F.3d at 1023. We disagree. Zackery was charged with violating 18 U.S.C. § 924(c). Aiding and abetting, not itself an offense, was simply one way to prove him guilty of that charge. As the Supreme Court made clear in Nye & Nissen v. United States, 336 U.S. 613, 618-20 (1949), aiding and abetting and Pinkerton are *alternative theories* by which the government may prove joint criminal liability for a substantive offense. That the standards of proof are different is irrelevant. Thus, it is well settled that, "[e]ven in the absence of evidence supporting an aiding and abetting conviction, persons indicted as aiders and abettors may be convicted pursuant to a Pinkerton

-6-

instruction." United States v. Comeaux, 955 F.2d 586, 591 (8th Cir.) (citations and quotation omitted), cert. denied, 506 U.S. 845 (1992).

Zackery further argues that, because conspiracy is a separate crime, "[t]o be convicted under conspirator liability, one must be charged as a conspirator." However, Zackery was not convicted of conspiring to violate 18 U.S.C. § 924(c). He was convicted of the substantive offense charged in the indictment based upon the Pinkerton theory of conspirator liability. See Thomas v. United States, 748 A.2d 931, 935-36 (D.C. 2000), cert. denied, 534 U.S. 917 (2001).

Finally, Zackery argues that the indictment did not "minimally inform him that he could be convicted under a conspiracy liability theory." We disagree. Count Two alleged that Zackery violated 18 U.S.C. § 924(c) when he and another person brandished a handgun during and in furtherance of an attempted bank robbery. That allegation "was enough to alert the defense to the prospect of a Pinkerton theory." United States v. Edmond, 924 F.2d 261, 269 (D.C. Cir.), cert. denied, 502 U.S. 838 (1991); see Thirion, 813 F.3d at 151-52; Fed. R. Crim. P. 7(c)(1). An indictment need not plead the government's theory of liability.

## III.

Alternatively, Zackery argues that the evidence was insufficient to convict him under the Pinkerton theory of liability because the government failed to prove that the object brandished by the other robber was a firearm. When reviewing the sufficiency of the evidence after a bench trial, we view the evidence in the light most favorable to the verdict and uphold the verdict if a reasonable factfinder could find the offense proved beyond a reasonable doubt. United States v. Crawford, 115 F.3d 1397, 1407 (8th Cir.), cert. denied, 522 U.S. 934 (1997).

In explaining this finding, the district court first noted that the robbery was carefully planned -- Zackery and his accomplice wore ski masks and dark clothing, were lying in wait at the bank early in the morning when Butler arrived, and told Butler they knew where he lived. "It makes no sense to attempt to rob a bank after having gone through that type of planning" without employing a weapon to compel bank employees to comply. The court further noted that Butler, though not positive, was "steadfast in his view and his belief that he was accosted with . . . a gun." Finally, the court noted that, during the encounter, the robber with the object threatened to "cap" Butler, a threat consistent with using a firearm. This evidence was sufficient to permit a rational factfinder -- the district court -- to find that the object brandished by Zackery's accomplice was in fact a firearm. See United States v. Dobbs, 449 F.3d 904, 910-11 (8th Cir. 2006), cert. denied, 127 S. Ct. 1312 (2007); United States v. Kirvan, 997 F.2d 963, 966-67 (1st Cir. 1993). Accordingly, the evidence was sufficient to convict Zackery of violating 18 U.S.C. § 924(c) under the Pinkerton theory of conspirator liability.

The judgment of the district court is affirmed.

SHEPHERD, Circuit Judge, dissenting.

I dissent from the court's holding that the theory of vicarious coconspirator criminal liability announced in Pinkerton is applicable even where, as here, the defendant is not found guilty of a separately charged conspiracy. Because I believe that the Pinkerton theory of liability is inapplicable in this case, I would not reach the issue of the sufficiency of the evidence to convict under Pinkerton.

The Pinkerton doctrine "exists to punish conspirators for crimes committed by a coconspirator that are *not* the object of the conspiracy itself but are foreseeable and in furtherance of the conspiracy." United States v. Christian, 942 F.2d 363, 367 (6th Cir. 1991). Pursuant to Pinkerton, "a conspirator [can] be held guilty of the

substantive offense even though he did no more than join the conspiracy, provided that the substantive offense was committed in furtherance of the conspiracy and as a part of it." Nye & Nissen v. United States, 336 U.S. 613, 618 (1949). The theory "broadens a defendant's liability beyond the aiding and abetting charge implicit in any indictment." United States v. Nakai, 413 F.3d 1019, 1023 (9th Cir.), cert. denied, 126 S.Ct. 593 (2005); see also United States v. Clark, 980 F.2d 1143, 1146 (8th Cir. 1992) ("Aiding and abetting is an alternative charge in every count, whether implicit or explicit.").

Although I agree that we have never directly addressed the question, in a recent case, we indicated that absent a conspiracy charge and conviction, Pinkerton liability is inapplicable. See United States v. Hayes, 391 F.3d 958, 963 (8th Cir. 2004) ("In light of the conspiracy charge against Hayes, the District Court was warranted in giving [a Pinkerton coconspirator] instruction . . . ."); see also United States v. Richmond, 700 F.2d 1183, 1191 (8th Cir. 1983) ("In accordance with well established conspiracy law, the trial court instructed the jury that if they found a defendant guilty of a conspiracy they could also find that defendant guilty of a substantive crime which was committed by his coconspirators pursuant to the conspiracy at the time the defendant was a member of the conspiracy."). Furthermore, as acknowledged by the majority, in our long line of cases affirming convictions obtained under the Pinkerton theory, all of the indictments involved contained a separate conspiracy charge. See United States v. Pierce, 479 F.3d 546, 549-50 (8th Cir. 2007) (Pinkerton instruction given where defendants were charged with conspiracy against the United States, filing false tax returns, mail fraud and wire fraud); United States v. Mathison, 157 F.3d 541, 551 (8th Cir. 1998) (Defendants convicted of conspiracy and substantive offenses; evidence was sufficient to prove beyond a reasonable doubt the defendant's participation in conspiracy and, "[a]s a result of this involvement, he was also properly convicted on related mail fraud and money-laundering charges."); United States v. Davis, 154 F.3d 772, 782 (8th Cir. 1998) (jury instruction approved as pursuant to Pinkerton, requiring conviction of defendant on conspiracy count in order to consider

substantive counts under coconspirator theory); <u>United States v. Comeaux</u>, 955 F.2d 586, 591 (8th Cir. 1992) (application of <u>Pinkerton</u> upheld where defendant was charged with conspiracy to possess with intent to distribute heroin and cocaine, and use of a firearm in connection with a drug trafficking offense); <u>United States v. Lucas</u>, 932 F.2d 1210, 1220 (8th Cir. 1991) (Jury instruction approved which instructed that defendant could be held "vicariously liable only if [the jury] found that a conspiracy existed, that the defendant was a member of it, that a conspirator used a firearm to assault . . . , and that the defendant could 'reasonably have foreseen' that a firearm would be used to assault someone 'as a necessary or natural consequence of the conspiracy.'") (citation omitted); <u>United States v. Johnson</u>, 906 F.2d 1285, 1289 (8th Cir. 1990) (Consistent with <u>Pinkerton</u>, "[t]he district court instructed the jury that if it found a defendant guilty of the conspiracy, it could find the defendant guilty of the substantive offense charged . . . ."); <u>United States v. Golter</u>, 880 F.2d 91, 92 (8th Cir. 1989) (defendant convicted of conspiracy to distribute cocaine and of possession of a firearm during and in relation to a drug trafficking offense); <u>United States v. Lombardo</u>, 859 F.2d 1328, 1329 (8th Cir. 1988) (holding that appellants cannot be guilty of Travel Act violations absent conviction for conspiracy of which those violations were part); <u>United States v. DeLuna</u>, 763 F.2d 897, 918 (8th Cir. 1985) (overruled on other grounds) (approving a jury instruction because it correctly reflected the substance of the <u>Pinkerton</u> case that: "a defendant found guilty of a conspiracy may also be found guilty of substantive offenses committed by a co-conspirator or co-conspirators, in furtherance of the conspiracy, at the time that defendant was a member of the conspiracy, even though that defendant did not participate in the substantive offenses or have any knowledge of them.") (<u>citing</u> <u>Pinkerton</u>, 328 U.S. at 645-48).

One circuit has squarely held that a conspiracy must be charged in the indictment in order for the <u>Pinkerton</u> theory of liability to apply, <u>See</u> <u>United States v. Nakai</u>, 413 F.3d 1019, 1023 (9th Cir.), <u>cert. denied</u>, 126 S.Ct. 593 (2005) (holding that it is error to use a <u>Pinkerton</u> instruction in a case in which the indictment does not

charge conspiracy), while two circuits have implicitly adopted this position. See United States v. Walker, 142 F.3d 103, 111-12 (2d Cir. 1998) (approving Pinkerton instruction which instructs jury that it must find, beyond a reasonable doubt, that the defendant is guilty of the charged conspiracy); United States v. Meester, 762 F.2d 867, 882 (11th Cir. 1985) (one convicted of conspiracy is chargeable as a member of conspiracy for substantive acts committed by coconspirators).

Although the majority identifies two circuits as holding that a conspiracy need not be charged, a close examination of the Seventh Circuit case of United States v. Chairez, 33 F.3d 823, 827 (7th Cir. 1994), reveals that it relies solely upon United States v. Macey, 8 F.3d 462 (7th Cir. 1993), which involved a conviction for mail fraud involving two coconspirators. Because mail fraud includes a scheme to defraud as an element, it is not surprising that members of the scheme are criminally liable for the foreseeable mail fraud committed by other members. See 18 U.S.C. § 1341; United States v. Wormick, 709 F.2d 454, 461 (7th Cir. 1983) ("[C]onspiracy doctrines apply to a multi-member mail fraud scheme even if the indictment does not charge conspiracy."); Pinkerton, 328 U.S. at 647 ("A scheme to use the mails to defraud, which is joined in by more than one person, is a conspiracy."). Further, in United States v. Jackson, 627 F.2d 1198, 1216-17 & n.36 (D.C. Cir. 1980), the defendant was in fact charged with and convicted of a separate conspiracy. Similarly, Baker v. United States, 115 F.2d 533, 540 (8th Cir. 1940), and Cochran v. United States, 41 F.2d 193, 199-200 (8th Cir. 1930), cited by the majority, are also distinguishable because those cases involve charges of mail fraud.

In United States v. Thirion, 813 F.2d 146 (8th Cir. 1987), we held that the district court properly gave the jury a vicarious coconspirator liability instruction notwithstanding the fact that the court was prevented by the doctrine of specialty[2]

[2] "Under the doctrine of specialty a defendant may be tried only for the offense for which he was delivered up by the asylum country." United States v. Thirion, 813 F.2d 146, 151 (8th Cir. 1987); see also Leighnor v. Turner, 884 F.2d 385, 389 (8th

from submitting a separate conspiracy count, contained in the indictment, to the jury. We further held that the defendant could be found guilty of the charged substantive offenses under Pinkerton even though the defendant could not be convicted of the charged conspiracy. Id. at 151-53. Although the conspiracy charge could not be submitted to the jury, the district court instructed that, in order to find the defendant guilty of a substantive count under the Pinkerton coconspirator theory, it had to find the defendant to be a coconspirator "as charged" in the indictment. Id. at 152 n.6. Significantly, we cited Thirion in support of our statement in Hayes that a Pinkerton liability instruction was properly given by the district court "[i]n light of the conspiracy charge." See Hayes, 391 F.3d at 963.

The nature of Pinkerton liability is further illustrated by our explanation in Thirion that, like the theory of aiding and abetting, the jury may be instructed on the Pinkerton theory of liability even though the *theory* is not charged in the indictment. Thirion, 813 F.2d at 151. Although the Pinkerton theory need not be charged in the indictment, Thirion supports the proposition that a separate conspiracy charge is a prerequisite to the imposition of Pinkerton liability.

Further, the Supreme Court has described Pinkerton as "narrow in its scope." Nye & Nissen, 336 U.S. at 620. The majority's conclusion, that Pinkerton coconspirator liability may arise under an indictment that charges only a substantive offense without conviction of a separately charged conspiracy, in my view, broadens the scope of the theory beyond that contemplated by the Supreme Court.

I conclude that our long standing treatment of this issue remains persuasive, particularly in view of the fact that both Pinkerton and Nye & Nissen involved

---

Cir. 1989) ("The rule of specialty is based on principles of international comity and is designed to guarantee the surrendering nation that the extradited individual will not be subject to indiscriminate prosecution by the receiving government.").

defendants who were charged with and convicted of conspiracy.  See Pinkerton, 328 U.S. at 641; Nye & Nissen, 336 U.S. at 615-16.[3]

While I agree that aiding and abetting liability is an alternative theory in every indictment, coconspirator liability under Pinkerton is not.  As instructed by the Supreme Court,  it is available under narrow circumstances.  In my view, we should reaffirm that in order for Pinkerton coconspirator liability to attach a defendant must be charged with, and found guilty beyond a reasonable doubt of, conspiracy.

The United States elected not to charge Zackery with conspiracy to commit bank robbery.  See Pinkerton, 328 U.S. at 642-43 (substantive offense and conspiracy

---

[3] The requirement that a defendant be charged with and found guilty of conspiracy in order for vicarious Pinkerton liability for a substantive offense to be imposed is incorporated in the model jury instructions promulgated by several sources.  Committee on Pattern Jury Instructions District Judges Association Fifth Circuit, Fifth Circuit Pattern Jury Instructions (Criminal Cases) § 2.22 (2001); Committee on Pattern Criminal Jury Instructions District Judges Association Sixth Circuit, Sixth Circuit Pattern Jury Instructions Criminal, § 3.10 (2005); Committee on Model Criminal Jury Instructions Within the Ninth Circuit, Ninth Circuit Manual of Model Criminal Jury Instructions, §§ 8.16 & 8.20 (2004); Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, Tenth Circuit Criminal Pattern Jury Instructions, § 2.21 (2005); Committee on Pattern Jury Instructions of the Judicial Council of the Eleventh Circuit, Eleventh Circuit Pattern Jury Instructions Criminal, § 13.5 (2003); Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee,  Federal Jury Practice and Instructions Criminal, § 31.10 (5th ed. 2000).  We have previously cited various model jury instructions in considering the sufficiency of a criminal instruction.  See United States v. Purkey, 428 F.3d 738, 754-55 (8th Cir. 2005), cert. denied, 127 S.Ct. 433 (2006).  Although a Pinkerton instruction has been frequently given by the district courts and considered by this court, the Judicial Committee on Model Jury Instructions for the Eighth Circuit has not promulgated a model Pinkerton instruction.  See Judicial Committee on Model Jury Instructions for the Eighth Circuit, Eighth Circuit Manual of Model Criminal Jury Instructions (2003).

to commit the substantive offense, with certain exceptions, are separate and distinct offenses); <u>Brinkley v. United States</u>, 560 F.2d 871, 874 (8th Cir. 1977) (conspiracy does not merge with the substantive offense of bank robbery). Instead, the United States sought, unsuccessfully, to prove that Zackery aided and abetted his accomplice in the possession of a firearm. The result of the government's charging decision is that it could not proceed under the <u>Pinkerton</u> theory. Although Zackery was informed from a reading of the indictment that he could be found guilty of the firearms charge as an aider and abettor, the indictment provided no notice that his guilt could be premised upon his being found guilty of an uncharged conspiracy. Accordingly, Zackery's conviction of carrying a firearm in furtherance of a bank robbery should be reversed.

I therefore respectfully dissent.

_____