**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4194**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

WILLIAM ORTIZ LAZARO,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.    William D. Quarles, Jr., District Judge.  (1:08-cr-00511-WDQ-3)

Submitted:  September 28, 2011      Decided:  October 13, 2011

Before SHEDD, AGEE, and KEENAN, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Francis S. Brocato, BROCATO, PRICE & JANOFSKY, LLC, Towson, Maryland, for Appellant.   Rod J. Rosenstein, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Ortiz Lazaro seeks to appeal his 135-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2006) ("Count Fourteen"), and one count of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), (C)(i) (2006) ("Count Fifteen"). On appeal, Lazaro contends that the district court applied the incorrect standard in determining whether a five- or seven-year statutory minimum applied on Count Fifteen, erred in applying a six-level enhancement on Count Fourteen, and erred in failing to compare Lazaro's sentence to those of his codefendants. In response, the Government asserts that Lazaro's appellate waiver bars review of his second and third claims.

We conclude that Lazaro's appellate waiver was knowing and voluntary, as the district court fully questioned Lazaro regarding the waiver, and the totality of the circumstances indicates that Lazaro understood the waiver's significance. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Because his second and third claims fall within the scope of the waiver, see United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005), we agree with the Government and dismiss these claims.

As to Lazaro's preserved claim, we affirm. Lazaro argues that the district court erred in determining whether he was subject to a five- or seven-year statutory minimum on Count Fifteen by evaluating whether it was reasonably foreseeable that his codefendants would brandish their firearms. In assessing a challenge to a sentence enhancement, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Carter, 601 F.3d 252, 254 (4th Cir. 2010).

Section 924(c)(1)(A) requires the imposition of a consecutive five-year sentence where a defendant possesses a firearm in furtherance of a crime of violence; however, "if the firearm is brandished, [the defendant shall] be sentenced to a term of imprisonment of not less than 7 years." 18 U.S.C. § 924(c)(1)(A)(ii). "A defendant may be convicted of a § 924(c) charge on the basis of a coconspirator's use of a gun if the use was in furtherance of the conspiracy and was reasonably foreseeable to the defendant." United States v. Wilson, 135 F.3d 291, 305 (4th Cir. 1998). Moreover, a defendant may be convicted of a § 924(c) offense on the basis of coconspirator liability even without a separate conspiracy charge. United States v. Zackery, 494 F.3d 644, 647-48 (8th Cir. 2007); cf. United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010) (holding that vicarious coconspirator liability need not be

3

charged in the indictment).  Applying these standards, we hold that the district court correctly determined the applicable statutory minimum.  Lazaro's companion claim that the district court improperly assessed whether the brandishing was reasonably foreseeable in order to determine whether Lazaro aided and abetted the brandishing is similarly without merit, as the district court made no aiding or abetting determination.  Rather, the court merely applied the seven-year statutory minimum to Lazaro on the ground that it was reasonably foreseeable that Lazaro's codefendants would brandish their weapons.

For the foregoing reasons, we affirm Lazaro's convictions, which he does not challenge on appeal, and the district court's ruling as to Lazaro's claim of error on Count Fifteen.  We dismiss his claims as to Count Fourteen.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART

4