# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 04-1207/04-1385

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee/Cross-Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Elijah Hayes, | * | |
| | * | |
| Appellant/Cross-Appellee. | * | |

_____

Submitted: October 19, 2004
Filed: December 14, 2004

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and RILEY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

On September 3, 2003, a jury convicted Appellant Elijah Hayes on two counts: conspiracy to distribute and possess with intent to distribute crack cocaine, and possession with intent to distribute crack cocaine. Hayes appeals his conviction on both counts. The government cross-appeals, claiming the District Court erred by granting Hayes a sentencing reduction for being a minor participant in the charged offenses. After carefully reviewing the record, we affirm the conviction on both counts. In addition, we vacate the District Court's sentencing order and remand for resentencing.

# I.

We begin with a summary of the testimony and evidence adduced at Elijah Hayes's trial. At some time prior to 1993, Hayes moved from Chicago, Illinois to Clinton, Iowa and began "hanging around" with Fred Dodd, whom Hayes had known in Chicago. Trial Tr. at 114. Shortly thereafter, Hayes was observed receiving crack cocaine from Dodd and selling crack cocaine at an apartment in Clinton. During this period, several other people received drugs from Dodd and sold them at the Clinton apartment and elsewhere. Further, Dodd's girlfriend Meko Davis testified that Dodd would convert powder cocaine to crack cocaine at the Clinton apartment, while Hayes, Davis, and a large group of other people would "bag it up in little amounts . . . to be sold." Id. at 313. This activity was going on "[a]ll of the time . . . [t]hree to four" days per week. Id. at 314.

Hayes's involvement in the drug activity was abruptly suspended in August 1993, after he was arrested and convicted on an unrelated charge. Hayes was subsequently incarcerated from December 1993 until his release in February 2002. Immediately thereafter, Hayes moved to Rock Island, Illinois, where Dodd had relocated. Between February 2002 and January 2003, Dodd and Hayes were together almost constantly. In August 2002, Dodd's girlfriend Heidi Jungwirth observed Dodd cooking powder cocaine into crack cocaine at her house while Hayes was present. Jungwirth further observed Dodd, Hayes, and several others cutting the crack cocaine and "bagging it all up together in the same room." Id. at 360, 388. On that occasion, the group manufactured enough crack cocaine to fill half of a ten-inch-square plastic Ziploc bag.

The group led by Dodd ran a drug-selling operation at the Trinity Apartments in Davenport, Iowa, which along with Rock Island forms part of the Quad Cities area on the Mississippi River. Dodd also conducted drug-related activities at an additional residence he rented in Davenport. In January 2003, the police obtained a warrant to

search the Davenport residence and three of Dodd's vehicles.  While the residence was under surveillance, the police observed Dodd and Hayes enter with a female, stay for about an hour, and then leave together in Dodd's car.  The car was one of the vehicles for which the police had a search warrant.

Thereafter, the police stopped Dodd's car in an area known for drug trafficking and ordered Dodd and Hayes to exit the car.  Before Dodd exited, a police officer saw clear plastic in Dodd's right hand.  Afterwards, the police found crack cocaine in seven plastic baggies, weighing a total of 2.5 grams, on the floorboard near where Hayes had been sitting.  The police officer testified that the baggies found on the floorboard were those he had seen in Dodd's hand.  The police found no other contraband in the car.  Hayes was not carrying any drugs or currency, but Dodd was carrying $720.00.  The police arrested both Hayes and Dodd.

After the arrest, the police searched the residence using Dodd's keys to gain entry.  In one bedroom the police found fifteen baggies, each containing approximately one eighth of an ounce of crack cocaine.  The police also found in the bedroom a plastic bag containing over sixty grams of powder cocaine, a pistol, a digital scale, more plastic baggies, razor blades, scissors, and substances used to dilute cocaine.  Finally, the police recovered from the trash in the same bedroom a liquor bottle bearing Hayes's fingerprint.

Hayes and Dodd were tried before a single jury along with another defendant. The jury convicted both Hayes and Dodd of conspiracy to distribute and possess with intent to distribute crack cocaine, and also convicted each of possession with intent to distribute crack cocaine.  On both counts, the amount of crack cocaine for which each was convicted was over fifty grams.  Hayes, having been sentenced, brings this appeal.

## II.

Hayes appeals the judgment of conviction entered against him, asking this Court to vacate his conviction on both counts because of the alleged insufficiency of the evidence. The government cross-appeals, challenging a "minor participant" sentencing reduction granted by the District Court. We address each appeal separately.

## A.

Where a party challenges the evidence underlying his conviction, the standard of review is very strict, and the jury's verdict is not to be lightly overturned. United States v. Surratt, 172 F.3d 559, 564 (8th Cir. 1999), cert. denied, 528 U.S. 910 (1999) and 537 U.S. 850 (2002). We view the evidence in the light most favorable to the government, and we resolve any evidentiary conflicts in the government's favor. Id. at 563. We accept all reasonable inferences drawn from the evidence that support the jury's verdict, and we will uphold that verdict as long as a reasonable-minded jury could have found the defendant guilty beyond a reasonable doubt. Id. The jury is the final arbiter of the witnesses' credibility, and we will not disturb that assessment. United States v. Espino, 317 F.3d 788, 794 (8th Cir. 2003).

Hayes first attacks his conviction for knowingly and intentionally conspiring to distribute and possess with intent to distribute fifty grams or more of cocaine base. See 21 U.S.C. §§ 841(a)(1), 846 (2000). Hayes claims the evidence was insufficient to find a conspiracy existed, and that if such a conspiracy did exist, the evidence was insufficient to find he knowingly agreed to join it.

To convict a defendant on a conspiracy charge, the jury is required to find that 1) an agreement existed among two or more people to accomplish an illegal purpose, 2) the defendant knew of the conspiracy, and 3) the defendant knowingly joined and

participated in the conspiracy. See United States v. Munoz, 324 F.3d 987, 990 (8th Cir. 2003); United States v. Crossland, 301 F.3d 907, 913 (8th Cir. 2002). Once a conspiracy is established, only slight evidence is required to connect a defendant to the conspiracy. United States v. Navarrete-Barron, 192 F.3d 786, 793 (8th Cir. 1999). The defendant need not have expressly agreed to join the conspiracy. United States v. Kamerud, 326 F.3d 1008, 1012 (8th Cir.), cert. denied, 124 S.Ct. 969 (2003). Instead, the government need only show a tacit agreement by the defendant. Id.; Crossland, 301 F.3d at 913.

We hold the evidence was sufficient for a reasonable jury to conclude that a conspiracy existed and that Hayes knowingly joined the conspiracy. As to the existence of a conspiracy, numerous people testified that they purchased or witnessed others purchasing crack cocaine from Fred Dodd during a period from before 1992 until January 2003. Willie Harris and Anthony Dodd testified they were instructed at times by Fred Dodd to buy crack cocaine from others, and that sometimes when they arranged to buy crack cocaine from Fred Dodd, the drugs would be delivered by others. Anthony Dodd also testified about a drug selling operation at the Trinity Apartments that included Fred Dodd and Aikins Frimpong. Melvin Yancy, Deandre Williams, and Ashia Brown each testified they sold crack cocaine under an agreement whereby they would receive drugs from Fred Dodd at no up-front charge, sell them on his behalf, and then receive a percentage of the profits. Meko Davis and Heidi Jungwirth both testified they had witnessed Dodd and others dividing and bagging large amounts of crack cocaine that Dodd had manufactured. Finally, Dodd possessed large amounts of powder and crack cocaine, as well as other indicia of drug distribution, when he was arrested.

Moreover, Hayes's knowing participation in the conspiracy was firmly established. Melvin Yancy and Deandre Williams both testified that Hayes received and sold crack cocaine for Dodd. Meko Davis testified that Hayes sold crack cocaine for Dodd many times, and that Hayes often helped Dodd divide and bag large

amounts of crack cocaine at the Clinton apartment. Heidi Jungwirth testified that Hayes was present when Dodd manufactured crack cocaine at Jungwirth's house in Rock Island, and that Hayes helped Dodd divide and bag it. Finally, Hayes was present and arrested with Dodd after leaving the Davenport residence where evidence of drug distribution was found.

In all, there was a wealth of evidence upon which the jury could reasonably have found Hayes guilty of joining the conspiracy to distribute crack cocaine. The evidence of Hayes's participation in the distribution activities was sufficient to find that he tacitly agreed to further the purpose of the conspiracy. Though Hayes attacks the credibility of the government's witnesses, noting a lack of specific dates and details of his participation, the jury assessed the witnesses and apparently found them credible. We affirm the conspiracy conviction.

Hayes next challenges his conviction for possession with intent to distribute fifty grams or more of crack cocaine under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Hayes argues there was insufficient evidence to show he had either actual or constructive possession of the 53.1 grams of crack cocaine found in the Davenport residence. The government appears to concede this argument, having abandoned it in its brief, and instead argues the evidence was sufficient to convict Hayes for aiding and abetting Dodd's possession. On appeal, however, we need not decide the merit of either argument, because our decision in United States v. Navarrete-Barron is dispositive of Hayes's claim. 192 F.3d 786 (8th Cir. 1999).

Navarrete-Barron concerned circumstances similar to those here, in which the defendant was convicted of both conspiracy to distribute crack cocaine and possession with intent to distribute crack cocaine. Id. at 789. On appeal, the defendant challenged the evidence supporting his conviction on the possession with intent to distribute charge. Id. We upheld the conviction under the theory of co-conspirator liability announced in Pinkerton v. United States, 328 U.S. 640 (1946).

See Navarrete-Barron, 192 F.3d at 792–93. Under Pinkerton and our subsequent cases, "each member of a conspiracy may be held criminally liable for *any substantive crime* committed by a co-conspirator in the course and furtherance of the conspiracy, even though those members did not participate in or agree to the specific criminal act." Id. at 792 (quoting United States v. Golter, 880 F.2d 91, 93 (8th Cir. 1989)) (emphasis added); Pinkerton, 328 U.S. at 647.

Curiously, the government did not argue a Pinkerton liability theory in its brief, arguing only that "when viewed in light of the evidence establishing Hayes' involvement in the conspiracy, the evidence establishing Hayes' guilt on the aiding and abetting count was sufficient to sustain the conviction." Brief of Appellee/Cross-Appellant at 14. However, the jury was properly instructed on co-conspirator liability in accordance with Pinkerton. Specifically, the jury was instructed that they

> may consider acts knowingly done . . . by a defendant's co-conspirators during the existence of the conspiracy and in furtherance of it as *evidence pertaining to a defendant* even though they were done or made in the absence of and without the knowledge of a defendant. . . . [A] person who knowingly, voluntarily and intentionally joins an existing conspiracy is *responsible for all of the conduct* of the co-conspirators from the beginning of the conspiracy.

Jury Instructions, Instruction No. 15 (emphasis added).

In light of the conspiracy charge against Hayes, the District Court was warranted in giving this instruction, even though co-conspirator liability was not charged in the indictment. See United States v. Thirion, 813 F.2d 146, 152 (8th Cir. 1987) (citing United States v. Carroll, 510 F.2d 507, 509 (2d Cir. 1975), cert. denied, 426 U.S. 923 (1976)); United States v. Sanchez, 917 F.2d 607, 612 (1st Cir. 1990), cert. denied, 499 U.S. 977 (1991). Therefore, our task on appeal is to decide whether

a reasonable-minded jury could have convicted Hayes beyond a reasonable doubt based on co-conspirator liability.

In order to convict Hayes based on co-conspirator liability, the jury had to be convinced that 1) Dodd knowingly or intentionally possessed fifty or more grams of crack cocaine, 2) Hayes and Dodd were members of a conspiracy at the time of the possession, 3) Dodd's possession was in furtherance of the conspiracy, and 4) Dodd's possession was reasonably foreseeable by Hayes as a natural outgrowth of the conspiracy. See Navarrete-Barron, 192 F.3d at 792–93.

We have little trouble concluding the jury might reasonably have found Hayes liable for the acts of his co-conspirator, Fred Dodd. First, the same jury convicted Dodd of possession with intent to sell fifty grams or more of crack cocaine. Dodd's conviction has not been challenged here, so we need not review the evidence supporting it, but given the evidence of Dodd's control over the residence and car in which the crack cocaine was seized, we believe the conviction would withstand appeal. Second, the jury convicted Hayes of conspiring to distribute and possess crack cocaine with Dodd—a conviction we have herein upheld. As charged, the conspiracy was in existence when Hayes and Dodd were arrested on January 4, 2003.

As for the third and fourth elements required, the jury specifically found beyond a reasonable doubt that the crack cocaine was "*involved in* [i.e. in furtherance of] the conspiracy and *reasonably foreseeable* to . . . Hayes." Verdict Forms, Count One, Form No. 2, Interrogatory No.1 (emphasis added). Indeed, the large amount of crack cocaine Dodd possessed played an essential part of the conspiracy to distribute crack cocaine, as it was the main product to be distributed. It was reasonable for the jury to so infer and to attribute foresight of this obvious fact to Hayes. Thus, along with the other evidence of Hayes's involvement, and in light of the instruction given them, it was reasonable for the jury to impute Dodd's possession of the crack cocaine to Hayes as a co-conspirator. We therefore hold that a reasonable-minded jury could

have found Hayes guilty on this theory beyond a reasonable doubt. Hayes's conviction for possession of crack cocaine with intent to distribute is therefore affirmed.

## B.

The government cross-appeals Hayes's sentence, arguing that the District Court erred by granting Hayes a two-level sentencing reduction for being a minor participant in the offense.[1] See U.S. Sentencing Guidelines Manual § 3B1.2(b) (2003). The government claims the District Court erred by placing the burden on the government to show Hayes *was not* entitled to a minor participant reduction, rather than placing the burden on Hayes to show he *was* so entitled. It is well-settled that a defendant bears the burden of showing facts entitling him to receive a sentencing reduction, including a reduction for being a minor participant. United States v. Chatman, 119 F.3d 1335, 1341 (8th Cir.) (citing United States v. Dinges, 917 F.2d 1133, 1135 (8th Cir. 1990)), cert. denied, 522 U.S. 976 (1997).

Here, the record is unclear as to the party to which the District Court allocated the burden. At the sentencing hearing, the District Court stated that the government had "the burden with respect to drug quantity *and the other issues*." Sentencing Tr. at 5 (emphasis added). Because the District Court did not revisit the burden at any point thereafter, it appears the District Court may have included the minor-participant reduction as one of the "other issues" on which the government had the burden. Id. On the present state of the record, we simply cannot be sure. We therefore remand the case to the District Court for factual findings on Hayes's entitlement to the minor-participant reduction, with the burden of proof on this sentencing-reduction issue

---

[1]Although the government states its claim under a single heading, it in effect makes two arguments. Because we agree with the first argument, we need not address the second.

properly and clearly allocated to Hayes. Accordingly, we need not review the findings already made.[2]

### III.

As described above, we affirm the judgment entered against Hayes on both counts. We vacate the District Court's sentencing order and remand for resentencing consistent with this opinion.

_____

[2]We note in passing that we do not believe that Hayes's intervening prison term for another offense, resulting in a lengthy, enforced absence from the conspiracy charged in this case, necessarily establishes his entitlement to a minor-participant sentencing reduction. Instead, his entitlement to this reduction depends, at least in part, on a comparison of his degree of participation in the conspiracy with the degree of participation therein by other defendants not receiving such a reduction, and a showing by Hayes that he is significantly less culpable than those other defendants. See United States v. Johnson, 358 F.3d 1016, 1018 (8th Cir. 2004) (following United States v. Snoddy, 139 F.3d 1224, 1231 (8th Cir. 1998)).