# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1661

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Jerry Lee Mutchler, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |
| | * | |

_____

Submitted: September 14, 2005
Filed: October 5, 2005

_____

Before MELLOY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury found Jerry Lee Mutchler guilty of one count of conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The district court[1] sentenced Mutchler to 240 months in prison, followed by a supervised release term of 10 years. Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Robert W. Pratt, United States District Court for the Southern District of Iowa.

Mutchler's only argument on appeal is that the evidence was insufficient to support the jury verdict. He contends that he merely used and purchased meth, but did not conspire to manufacture and distribute it.

In reviewing the sufficiency of the evidence, this court views the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences that support the jury's verdict. *United States v. Collins*, 340 F.3d 672, 678 (8th Cir. 2003). Reversal is justified only if no reasonable jury could find the defendant guilty beyond a reasonable doubt. *United States v. Chapman*, 356 F.3d 843, 847 (8th Cir. 2004).

A conviction for conspiracy to manufacture and distribute meth will be upheld when the evidence shows the existence of a conspiracy, which the defendant knew about and intentionally joined. *See United States v. Hayes*, 391 F.3d 958, 961 (8th Cir. 2004). Mutchler contends that there is insufficient evidence that he intentionally joined the conspiracy to manufacture and distribute meth. This court disagrees.

At trial, at least three co-conspirators described the meth conspiracy and Mutchler's role as a distributor. These witnesses testified that Mutchler received a steady supply of meth for distribution and that he always promptly paid for his share of the drugs. Three of Mutchler's customers also testified that they purchased meth from him on a number of occasions and that they had seen him deal to at least ten other people during 2003 and 2004. Although Mutchler objects that these witnesses are not credible given their personal interest in cooperating with the government, it is the jury's prerogative to believe or disbelieve such testimony. *See United States v. Espino*, 317 F.3d 788, 794 (8th Cir. 2003).

Mutchler's own testimony was, in fact, consistent with the testimony by the government witnesses. He admitted that a meth conspiracy existed and that he knew about it and its members. Though Mutchler claimed that he was only a customer, he

admitted selling much of the meth that he bought from others. Specifically, he admitted that one of his primary means of financial support during the life of the conspiracy was the sale of meth.

Physical evidence from a search of Mutchler's residence further supports the jury's conviction. Police officers uncovered meth, packaging materials, scales, and a firearm from Mutchler's home. Telephone records and handwritten notes also showed calls to other members of the conspiracy and to the meth customers who testified at trial.

It was reasonable for the jury to conclude that Mutchler was a knowing participant in the methamphetamine conspiracy. Accordingly, the judgment of the district court is affirmed.

_____