# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4180

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Lyndon Edward Watler, also known as | * | Eastern District of Missouri. |
| Liston Ornel Watler, also known as | * | |
| Carl Anthony Usher, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 15, 2006
Filed: August 22, 2006

_____

Before ARNOLD and BEAM, Circuit Judges, and DOTY,[1] District Judge.

_____

ARNOLD, Circuit Judge.

After a jury convicted Liston Watler on drug charges, the district court[2] sentenced him to 235 months' imprisonment. Mr. Watler appeals, raising a number of issues relating to his trial and sentencing. We affirm.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

## I.

A federal postal inspector working at a private mail carrier's processing location observed a parcel that was taped at the seams. She recognized the return address on the package from a previous narcotics investigation, and, upon further investigation, she discovered that while the package was addressed to a "Denise Ward," nobody by that name received mail at the address. When a drug-sniffing dog indicated that the package contained narcotics, the inspector obtained a search warrant and discovered a significant quantity of marijuana and crack cocaine inside the parcel. Investigators also obtained some fingerprints from the outside.

An undercover agent then posed as a mail carrier and delivered the package to its intended destination. A woman accepted delivery of the package and notified her boyfriend, Ronnie Thomas, Jr., that it had arrived. Mr. Thomas entered the house a short time later and was arrested. The police eventually learned that Mr. Thomas and Andrew Hepburn were involved in a conspiracy to distribute the drugs that the package contained. Mr. Hepburn implicated Mr. Watler, whom he knew as Carl Usher. This information led investigators to recover numerous money orders in the name of Carl Usher, as well as records that indicated that the fingerprints on the intercepted parcel belonged to Mr. Watler.

A grand jury indicted Mr. Watler for conspiring to possess 50 grams or more of cocaine base with the intent to distribute it. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846. At Mr. Watler's trial, Mssrs. Thomas and Hepburn testified that the defendant supplied them with drugs, and Mr. Watler testified on his own behalf. After the jury convicted him, the district court concluded that an advisory guidelines range of 188 to 235 months was applicable to Mr. Watler's case, and it sentenced him to the high end of that range.

## II.

Mr. Watler appeals several evidentiary rulings that the district court made. "We review *de novo* the district court's interpretation and application of the rules of evidence, and review for an abuse of discretion the factual findings supporting its evidentiary ruling." *United States v. Smith*, 383 F.3d 700, 706 (8th Cir. 2004), *cert. denied*, 126 S.Ct. 1567 (2006).

## A.

Mr. Watler's first argument involves the testimony of Mssrs. Thomas and Hepburn. Mr. Thomas testified about several conversations that he had with Mr. Hepburn about drug shipments that they were expecting from Mr. Watler. Mr. Hepburn testified about several conversations that he had with Mr. Watler about purchasing and selling drugs. Mr. Watler contends that these statements were inadmissible hearsay.

Mr. Watler does not specify exactly which statements should have been excluded. During Mr. Thomas's testimony, however, Mr. Watler objected to the admission of statements that, according to the witness, were made by Mr. Hepburn. We presume that this is the testimony of Mr. Thomas that Mr. Watler is complaining about on appeal. The district court determined that the statements were admissible under Federal Rule of Evidence 801(d)(2)(E) as statements of a co-conspirator. For this rule to apply, the government was required to demonstrate, by a preponderance of the evidence, that a conspiracy existed, that Mssrs. Hepburn and Watler were members of the conspiracy, and that the statement was made in the course of and in furtherance of the conspiracy. *United States v. Beckman*, 222 F.3d 512, 522 (8th Cir. 2000).

There was ample evidence before the district court supporting the admission of Mr. Thomas's testimony about Mr. Hepburn's statements. The government presented evidence that all three men were involved in a conspiracy to distribute crack cocaine.

This evidence included not just the testimony of Mssrs. Thomas and Hepburn, but also Mr. Watler's fingerprints on the parcel, canceled money orders made payable to one of Mr. Watler's aliases, and records of calls between Mr. Hepburn and a cellular telephone registered in the name of Mr. Watler's ex-wife. And the statements at issue, which involved Mr. Hepburn's conversations about the receipt and distribution of crack cocaine, were made both in the course of the conspiracy and in furtherance of it.

We also find no error in the admission of Mr. Hepburn's testimony about Mr. Watler's statements. Federal Rule of Evidence 801(d)(2)(A) allows the admission of a statement by a party when it is offered against that party. Because the out-of-court statements that Mr. Hepburn testified about were made by Mr. Watler, they were admissible.

### B.

Mr. Watler next contends that the district court erred in allowing the jury to hear testimony about his previous conviction for grand theft. Federal Rule of Evidence 609 limits the use of a prior conviction to impeach the testimony of a witness. Generally, a conviction may not be used if more than ten years have passed since the conviction or the witness's release from confinement (whichever is later). Fed. R. Evid. 609(b). Older convictions may be admitted only if advance notice is given to the defendant and "the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." *Id.* The government gave no advance notice here.

The district court determined that the theft conviction was admissible because Mr. Watler was released from confinement for that crime in 1994, less than ten years before he was indicted on the present charge in 2003. Mr. Watler maintains, however, that the court erred by using the date that he was indicted on this charge, rather than

-4-

his 2005 trial date or the date that he testified in that trial, to calculate the time under Rule 609, and thus the conviction was inadmissible. Most of the cases interpreting Rule 609 agree with Mr. Watler that the ten-year time limit should be measured from the date of the conviction or release to the date that the trial begins, *United States v. Cobb*, 588 F.2d 607, 612 n.5 (8th Cir. 1978), *cert. denied*, 440 U.S. 947 (1979); *see also United States v. Thompson*, 806 F.2d 1332, 1339 (7th Cir. 1986); *United States v. Hans*, 738 F.2d 88, 93 (3d Cir. 1984); *United States v. Portillo*, 633 F.2d 1313, 1323 n.6 (9th Cir. 1980), *cert. denied*, 450 U.S. 1043 (1981); *United States v. Cohen*, 544 F.2d 781, 784 (5th Cir. 1977), *cert. denied*, 431 U.S. 914 (1977), if not the time of the witnesses's testimony, *see United States v. Cathey*, 591 F.2d 268, 274 n.13 (5th Cir. 1979).

But even if the district court erred in ruling that Rule 609(b) authorized the admission of the 1991 conviction, Mr. Watler would not be entitled to relief. The United States Supreme Court has held that a defendant who testifies about a prior conviction on direct examination may not contest its admission on appeal. *Ohler v. United States*, 529 U.S. 753, 760 (2000). This is true even when, as here, the defendant has lost a motion to exclude evidence of the conviction and brings the conviction up during direct examination only to prevent the damage from being inflicted during cross-examination. *Id.* at 757-59. Because Mr. Watler elected to address his prior conviction on direct examination, he forfeited the right to relief on this issue.

## C.

Mr. Watler contends that the district court violated his sixth amendment right to confront witnesses when it denied him the opportunity to cross-examine Mr. Hepburn about a conversation that Mssrs. Thomas and Hepburn had during a break in the trial. After Mr. Thomas's testimony, but before Mr. Hepburn's, Mr. Watler told his attorney that he had heard from another prisoner that Mssrs. Thomas and Hepburn were talking about stabbing him. The federal prosecutor

asked Mr. Hepburn about the conversation, and Mr. Hepburn reported that Mr. Thomas had said, "if we ever meet on the street, I'd take care of [Mr. Watler]," or something to that effect.

Mr. Watler sought permission from the district court to cross-examine Mr. Hepburn about the conversation. The district court refused, apparently because the identity of the prisoner who told Mr. Watler about the conversation was unknown. Mr. Watler contends that because the threat was probative as to the witness's bias against him, he had a right to cross-examine Mr. Hepburn about the threat.

The sixth amendment guarantees Mr. Watler the right to cross-examine witnesses to expose potential bias. *Delaware v. Van Arsdall*, 475 U.S. 673, 678-79 (1986). Trial judges may nonetheless impose "reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Id.* "Generally speaking, the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (per curiam).

We agree with Mr. Watler that he should have been allowed to inquire about any threats that Mr. Thomas or Mr. Hepburn made against him. That the parties did not know the identity of the person who told Mr. Watler about the threats does not have much force in the present circumstances, since Mr. Hepburn himself confirmed that some sort of threat was made. Although the court allowed Mr. Watler to question Mr. Hepburn about his plea agreement, we do not think that this justified limiting cross-examination about the threat: A witness's desire to kill the defendant is probative of bias in a way that is distinct from a witness's acceptance of a plea agreement in exchange for testimony. While a plea deal engages a witness's self-interest, a death threat suggests personal animus toward the defendant. The complete

foreclosure of this line of questioning violated the Confrontation Clause. *Cf. United States v. Manske*, 186 F.3d 770, 778 (7th Cir. 1999).

Even though we agree that Mr. Watler should have been allowed to cross-examine Mr. Hepburn about the reported threats, we believe that the error was harmless beyond any reasonable doubt. Whether an improper limitation on cross-examination is harmless error depends upon "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *Van Arsdall*, 475 U.S. at 684. In this case, the physical evidence presented by the government – fingerprint evidence, telephone records, canceled money orders – corroborated the material testimony of Mssrs. Thomas and Hepburn. The only substantial exculpatory evidence that Mr. Watler offered was his testimony that another man, Joseph Carillo, had given him the envelope to mail. The government presented a rebuttal witness, a nurse at Mr. Carillo's nursing home, who testified that he was confined to his bed and in need of constant medical care at the time Mr. Watler said that he was dropping off a package to be mailed. Given the state of the evidence, we are convinced beyond any reasonable doubt that the district court's error did not contribute to the verdict obtained. *See Van Arsdall*, 475 U.S. at 681; *Chapman v. California*, 386 U.S. 18, 24 (1967).

### III.

Mr. Watler challenges the sufficiency of the evidence supporting his conviction. We will affirm a conviction if the record, viewed in the light most favorable to the government, contains evidence sufficient to prove all the elements of the crime charged beyond a reasonable doubt. *United States v. Lopez*, 443 F.3d 1026, 1030 (8th Cir. 2006) (en banc), *petition for cert. filed*, (U.S. July 5, 2006) (No. 06-5151). The evidence supporting a conspiracy conviction may be direct or circumstantial. *Id.*

Mr. Watler contends that the sentence reductions that Mssrs. Thomas and Hepburn received in exchange for their testimony renders their accounts unbelievable. But we defer to the jury on issues of witness credibility, especially when there is corroborating physical evidence of the defendant's involvement. *See United States v. Funchess*, 422 F.3d 698, 701 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 1452 (2006). Viewed in a light most favorable to the government, the evidence in this case was more than sufficient for the jury to determine that Mr. Watler conspired to possess 50 grams or more of cocaine base with the intent to distribute it.

IV.

Mr. Watler's final argument on appeal is that his sentence was unreasonable. Following the procedures outlined in *United States v. Haack*, 403 F.3d 997, 1002-03 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 276 (2006), the district court determined an advisory guidelines sentencing range for Mr. Watler of 188 to 235 months. The court sentenced Mr. Watler to 235 months because that sentence, it said, "would seem to address the sentencing objectives of just punishment, general deterrence, and incapacitation."

Mr. Watler raises two principal objections to the sentence. He contends first that the court failed to give meaningful consideration to all of the sentencing factors in 18 U.S.C. § 3553(a). We have held, however, that a district court is not required to discuss all of these factors on the record, as long as it is clear that they were considered. *See United States v. Dieken*, 432 F.3d 906, 909 (8th Cir. 2006), *petition for cert. filed* (U.S. June 15, 2006) (NO. 05-11598). We believe that the district court's statement, while perhaps somewhat cursory, indicates that it was fully aware of and fulfilled its responsibility to consider the sentencing factors listed in § 3553(a).

Mr. Watler's other contention is that the sentence is unreasonable in light of the sentences given to the other members of the conspiracy. We do not believe that

Mr. Watler has overcome the presumption that his sentence was reasonable. *See United States v. Meyer*, 452 F.3d 998, 1000 (8th Cir. 2006). We note that while Mr. Watler's sentence is significantly greater than the 96 months given to Mr. Thomas, it is less than the 262 months that Mr. Hepburn received. The fact that Mr. Thomas, who cooperated with the government and had a lesser role in the conspiracy than Mr. Watler, received a lesser sentence cannot render Mr. Watler's sentence unreasonable. *Cf. United States v. Chauncey*, 420 F.3d 864, 878 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 1480 (2006).

## V.

For the reasons stated, we affirm the judgment.

_____