# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

————————————

No. 05-3359

————————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Frederick Dodd, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

————————————

Submitted: December 22, 2006
Filed: January 4, 2007

————————————

Before WOLLMAN, HANSEN, and RILEY, Circuit Judges.

————————————

PER CURIAM.

Frederick Dodd appeals his convictions for several drug-trafficking offenses. The district court[1] entered judgment upon the verdicts and sentenced Dodd to life imprisonment. While Dodd's original appeal was pending, the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), rendering advisory the sentencing range calculated under the United States Sentencing Guidelines (USSG), and we remanded for resentencing without addressing the merits of the appeal. United States

———————————————

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

v. Dodd, No. 04-3760 (8th Cir. Order Mar. 18, 2005).  On remand, the district court adopted the Guidelines sentencing calculations from the first sentencing hearing, denied Dodd's motion for a downward departure on the basis of his medical condition, and imposed a sentence of 360 months of imprisonment.  Mr. Dodd appeals.

Mr. Dodd argues that the evidence was insufficient to sustain his convictions for drug possession, distribution and conspiracy.  See United States v. Scofield, 433 F.3d 580, 585-86 (8th Cir.) (discussing evidence sufficient to sustain a conviction for possession with intent to distribute), cert. denied, 126 S. Ct. 2905 (2006); United States v. Vinton, 429 F.3d 811, 815 (8th Cir. 2005) (setting forth the elements necessary to sustain a conspiracy conviction).  "We review challenges to the sufficiency of the evidence by examining the evidence in the light most favorable to the verdict and accepting as true all reasonable inferences which tend to support the jury's verdict."  United States v. Brown, 461 F.3d 1062, 1069 (8th Cir. 2006).

Specifically, Dodd asserts that the witnesses against him were not credible because they were drug addicts or testified in an attempt to receive a lighter sentence.  However, we do not weigh the evidence or assess the credibility of the witnesses on appeal.  United States v. Spears, Nos. 05-4468/06-1354, 2006 WL 3488734, at *2 (8th Cir. Dec. 5, 2006) (en banc) ("Sufficiency challenges based solely on the credibility of the witnesses rarely, if ever, prevail."); United States v. Tabor, 439 F.3d 826, 829-30 (8th Cir.) (crediting the witness's testimony in light of the circumstances is within the province of the jury), petition for cert. filed, www.supremecourtus.gov/docket/06-5244.htm (U.S. May 31, 2006) (No. 06-5244).  Numerous witnesses testified to Dodd's leadership and involvement in the possession and distribution of drugs.  They testified that Dodd obtained cocaine from Chicago, brought it to Iowa, cooked large amounts into crack, packaged it for distribution, and either sold it or supplied it directly to these witnesses to sell.  They also testified that Dodd possessed a gun and large amounts of cash.  Direct and cross-examination revealed to the jury that the witnesses had been drug users or distributers and that many were testifying in an

attempt to obtain potentially reduced sentences. The jury was free to evaluate all of these circumstances, and viewing the testimony in the light most favorable to the guilty verdicts, the evidence was more than sufficient for a reasonable jury to find Mr. Dodd guilty of each offense.

Mr. Dodd asserts that the testimony of the law enforcement officials was not reliable because it did not specifically connect him to the evidence, but we conclude that the evidentiary link was sufficient. Using a confidential informant, Debra Cunningham, law enforcement conducted four controlled buys of crack from Dodd. On the basis of an informant's tip, law enforcement officers obtained a search warrant for the residence at 4427 Brady Street in Davenport and for the vehicle driven by Dodd. After observing Dodd enter the residence with a key and later leave in the vehicle, law enforcement officers stopped the vehicle to execute the search. Dodd was the driver, he had a key to the Brady Street residence, and the search of the vehicle produced seven packages of crack on the floor of the front passenger seat. The search of the residence produced 15 separate packages of crack, each containing between 3.08 and 3.38 grams of crack; a bag containing 53.43 grams of powder cocaine; a pistol; and ammunition. Additionally, they found a receipt to Dodd for renting the residence. Again, this court "defer[s] to the jury on issues of witness credibility, especially where there is corroborating physical evidence of the defendant's involvement." United States v. Watler, 461 F.3d 1005, 1010 (8th Cir. 2006). The jury was free to reasonably rely upon this evidence, as well as the other testimony, linking Mr. Dodd to drug trafficking activities. Vinton, 429 F.3d at 815 (noting that in reviewing the sufficiency of the evidence, this court "will reverse only if the jury must have had a reasonable doubt about an essential element of the crime").

Mr. Dodd also challenges the enhancements to his base offense level. We review the district court's application of the Guidelines *de novo* and review for clear error its underlying factual findings. United States v. Scott, 448 F.3d 1040, 1043 (8th Cir. 2006). Under the advisory Guidelines scheme, the district court need only find

sentencing-enhancing facts by a preponderance of the evidence.  Id. (citing United States v. Pirani, 406 F.3d 543, 551 n.4 (8th Cir.) (en banc)).

Dodd's sentencing arguments amount to nothing more than a renewed attempt to attack the credibility of the witnesses.  He argues that the witnesses who testified concerning his possession of a gun and his role in the offense were unreliable drug addicts with faulty memories.  We will not reassess the witnesses' credibility.  The sentencing judge "is free to believe all, some, or none of [a] witness's testimony," United States v. Guel-Contreras, 468 F.3d 517, 522 (8th Cir. 2006) (internal marks omitted), and this court defers to the jury's and sentencing judge's credibility determinations, United States v. Quintana, 340 F.3d 700, 702 (8th Cir. 2003).

The record demonstrates that several witnesses testified to Dodd's possession of a firearm and drugs, and the police recovered a firearm, crack, and cocaine all from the Brady Street residence.  The Government need not prove that a firearm was loaded and ready for use, but need only show a connection between the gun and the drug activity in order to apply this enhancement.  See United States v. Frazier, 280 F.3d 835, 853 (8th Cir.), cert. denied, 536 U.S. 931 (2002).  The district court did not clearly err by applying the enhancement for the possession of a firearm, see USSG § 2D1.1(b)(1).  See United States v. Villareal-Amarillas, 454 F.3d 925, 931-32 (8th Cir.) (affirming a two-level enhancement for the possession of a firearm where testimony indicated the defendant possessed a gun, and multiple pistols were discovered in the defendant's residence), petition for cert. filed, www.supremecourtus.gov/docket/06-7772.htm (U.S. Nov. 13, 2006) (No. 06-7772).

Likewise, we conclude that the district court did not clearly err in applying the four-level enhancement for Dodd's aggravating role in the offense.  The evidence clearly supports a finding that Dodd was a leader of a criminal activity involving more than five participants and that he actively enlisted the aid of others in the criminal

-4-

conduct.  <u>See</u> USSG § 3B1.1(a); <u>see also</u> <u>United States v. Bahena</u>, 223 F.3d 797, 804-05 (8th Cir. 2000), <u>cert.</u> <u>denied</u>, 531 U.S. 1181 (2001).

The district court applied the obstruction of justice enhancement after finding that Mr. Dodd lied on the witness stand by proclaiming he was not involved in any drug activity.  Dodd asserts that the witnesses at trial lied, not him.

> A district court applying the USSG § 3C1.1 obstruction of justice enhancement for perjury must review the evidence and make a finding, by a preponderance of the evidence, that the defendant gave false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.

<u>Guel-Contreras</u>, 468 F.3d at 522 (internal marks and footnote omitted).  We find no clear error in the district court's determination that it was Frederick Dodd, not the host of other witnesses, who committed perjury.  <u>See</u> <u>id.</u> (standard of review); <u>see also</u> <u>United States v. Moore</u>, 242 F.3d 1080, 1081 (8th Cir. 2001) ("When the factual findings by the trial court are based on the credibility of witnesses, they are virtually unreviewable." (internal marks omitted)).

Accordingly, we affirm the judgment of the district court.  We summarily deny Mr. Dodd's pro se "Motion for Leave of Court for Permission to Supplement the Appellate Court Record in Light of Newly Discovered Evidence Under Rule 33 of the Federal Rules of Criminal Procedure," because he is represented by counsel.  <u>See</u> <u>United States v. Saunders</u>, 957 F.2d 1488, 1495 (8th Cir. 1992), <u>cert.</u> <u>denied</u>, 506 U.S. 889 (1992), and 506 U.S. 1058 (1993).

_____