# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2205

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Thomas D. Casey, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 5, 2010
Filed: February 17, 2010

_____

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After the district court[1] denied his motion to suppress a firearm seized from his person and statements he made to police, Thomas D. Casey pleaded guilty to being a felon in possession of a firearm, reserving the right to appeal the denial of his suppression motion. Following sentencing and entry of judgment, Casey filed this appeal challenging the denial of his suppression motion. We affirm.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri.

We review the denial of a suppression motion de novo and the underlying factual determinations for clear error.  See United States v. Sallis, 507 F.3d 646, 649 (8th Cir. 2007).  At the suppression hearing, the government presented evidence that the firearm was discovered during a traffic stop, after a Peculiar, Missouri police officer stopped the vehicle in which Casey was a passenger because its windshield was cracked.  The car's owner received a citation under Peculiar Ordinance § 385.010, which prohibits the driving of a vehicle "in such defective mechanical condition as to be reasonably likely, because of such defective mechanical condition, to cause damage to persons or property while being so driven."

Based on the hearing testimony and plain language of section 385.010, we conclude it was objectively reasonable for the officer to believe that driving a car with a cracked windshield violated section 385.010.  See United States v. Guel-Contreras, 468 F.3d 517, 521 (8th Cir. 2006) (district court's witness credibility determinations are virtually unassailable on appeal); United States v. Martin, 411 F.3d 998, 1001 (8th Cir. 2005) (question is not whether driver actually violated Motor Vehicle Code, but whether objectively reasonable police officer could have formed reasonable suspicion that driver was committing violation; police officers are not expected to interpret traffic laws with subtlety and expertise of defense attorney); United States v. Ramos-Caraballo, 375 F.3d 797, 800-01 (8th Cir. 2004) (vehicle stop is reasonable if it is supported by probable cause to believe traffic violation, however minor, has occurred).  Therefore, Casey's argument that Missouri statutes do not prohibit operating a vehicle with a cracked windshield is unavailing.

Accordingly, we affirm the district court.

_____